UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bro-Tex, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Certain Underwriters at Lloyd's, London; Indian Harbor Insurance Company; Steadfast Insurance Company; United Specialty Insurance Company; Lexington Insurance Company; General Security Indemnity Company of Arizona; QBE Specialty Insurance Company; Old Republic Union Insurance Company; Geo Vera Specialty Insurance Company; Transverse Specialty Company; and HDI Global Specialty SE,<br><br>Defendants. | Case No._____:<br><br>NOTICE OF REMOVAL |

## NOTICE OF REMOVAL

Removing Defendants, Certain Underwriters at Lloyd's, London severally subscribing to Certificate No. AMR-xxxxx-02 ("Lloyd's Underwriters") (identified in the state court complaint as "Certain Underwriters at Lloyds, London"), and HDI Global Specialty SE ("HDI"), without waiving any affirmative defenses or objections herein, and specifically reserving all defenses available to Removing Defendants and to all insurers subscribing to and participating in Account Policy No. xxxx86 ("Account Policy"), including but not limited to all defenses under Federal Rules of Civil Procedure, Rules 8 and 12, and the right to seek a stay or dismissal of this matter and compel arbitration, hereby remove the state court proceedings bearing Court File Number 62-CV-24-2953 ("State Court Action"), from the Second Judicial District Court for the County of Ramsey, State

of Minnesota, to the United States District Court for the District of Minnesota, and further represent:

## I.   GROUNDS FOR REMOVAL

1. Removing Defendants remove this matter under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, on the grounds that there is a valid arbitration agreement in the Account Policy made the subject of the instant dispute that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, *adopted* June 10, 1958 (entered into force with respect to the United States Dec. 29, 1970). Accordingly, this Court has original jurisdiction under the Federal Arbitration Act, 9 U.S.C. §§ 202, 203 and 205.

## II.   THE STATE COURT ACTION

2. The Complaint in the State Court Action was filed by Bro-Tex, Inc. on May 7, 2024. The Complaint alleges damage to plaintiff's real property located at 800 and 800R Hampton Avenue, St. Paul, MN 55114 "the Property"), arising from an alleged hail loss on May 11, 2022 ("the May 2022 Loss"), and plaintiff further alleges that the Removing Defendants, and all insurers subscribing to the Account Policy, have failed to appropriately adjust and pay Plaintiff's alleged losses. Plaintiff also asserts that Minn. Stat. Ch. 65A mandates appraisal to resolve disputes over the cause, scope and value of the May 2022 Loss. The plaintiff's Summons and Complaint from the State Court Action are attached as Exhibit "A".

### III.  THE ARBITRATION CLAUSE OF THE ACCOUNT POLICY

3.  The Account Policy includes the Compass Commercial Property Form (COMPASS 04 18), which provides, at "Section VII (C)", that all "matters in difference between the Insured and the Companies in relation to this insurance" shall be resolved through submission to an Arbitration Tribunal:

**SECTION VII – CONDITIONS**

C. ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred. If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

Each party will pay its chosen Arbitrator, and also bear the other expenses of the Arbitration and Umpire equally.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.

A decision agreed to by any two members of the Arbitration Tribunal shall be binding. The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

4. The portion of the Account Policy containing the Arbitration Clause is attached as Exhibit "B". A full copy of the Account Policy is attached as Exhibit "C".

5. Plaintiff has invoked its right to arbitrate all matters in dispute with removing Defendants and all other Insurers by letter dated May 9, 2024, attached as Exhibit "D".

### IV. THE MATTERS IN DIFFERENCE SUBJECT TO ARBITRATION

6. The "matters in difference," as described in the Arbitration Clause, are disputes and differences between Plaintiff and the Removing Defendants and all other Insurers participating in the Account Policy, and include, but are not limited to, whether Plaintiff has met the grant of coverage under the Account Policy, whether Plaintiff has provided satisfactory proofs of loss, the extent of any losses allegedly sustained by Plaintiff, whether Plaintiff has complied with the conditions of the Account Policy, whether and to what extent the exclusions and limitations of the Account Policy apply to any alleged covered losses, the adjustment of the claims by all Insurers participating in the Account Policy, and the scope and amount of the May 2022 Loss.

## V. REMOVAL IS PROPER

7. The United States is a party to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, *adopted* June 10, 1958 (entered into force with respect to the United States Dec. 29, 1970) ("the Convention"). The United Kingdom of Great Britain and Germany are signatories to the Convention. Under Article II of the Convention, the United States and other signatory countries are each bound to "recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which may have arisen or which may arise between them . . . ." The courts of each signatory country are also bound to enforce such agreements.

8. The Convention is an international treaty that guarantees citizens of any signatory country the right to enforce agreements to arbitrate disputes. As the United States Supreme Court has explained, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520, n. 15 (1974).

9. In 1970, Congress enacted enabling legislation to enforce the Convention in United States Courts. *See* 9 U.S.C. §§ 201-208. The Federal Arbitration Act (FAA) governs the enforcement, validity, and interpretation of arbitration clauses in commercial contracts,

both in state and federal courts. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24-25, 103 S. Ct. 927, 941-42, 74 L. Ed. 2d 765 (1983). Chapter 2 of the FAA, 9 U.S.C. §§ 201-208 ("Convention Act"), which implements the Convention, controls arbitration disputes in the international context. In general, the Convention Act creates a strong presumption in favor of arbitration, especially in international commercial agreements. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 638-40, 105 S. Ct. 3346, 3359-61, 87 L. Ed. 2d 444 (1985).

10. The instant disputes ("matters in difference") arise under the terms and conditions of the Account Policy, including the Arbitration Clause contained therein. There is no question that the instant disputes arise under the Account Policy that contains an arbitration agreement subject to the Convention and the Convention Act. The entirety of the disputes filed by Plaintiff against the Removing Defendants and all Insurers participating in the Account Policy relate to the Account Policy, and therefore, the arbitration agreement in the Account Policy requires that arbitration be held in New York, and under New York law.

11. Because the allegations in the Petition are matters clearly falling under the Convention, and are disputes relating to an arbitration agreement, 9 U.S.C. §205 of the Convention Act provides for removal of the State Court Action:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in

this section need not appear on the face of the complaint but may be shown in the petition for removal.

12. This action is properly removed to this District Court as the district encompassing the Second Judicial District Court for the County of Ramsey, State of Minnesota, where the State Court Action was pending.

## VI. REMOVAL IS TIMELY

13. This removal is timely, pursuant to 9 U.S.C. § 205, which provides that state court proceedings relating to an arbitration agreement falling under the Convention may be removed to federal court "at any time before the trial." No trial has commenced in the State Court Action. Under 9 U.S.C. § 205, any action or proceeding so removed shall be deemed to have been brought in the district court to which it is removed.

14. This removal is also timely pursuant to 28 U.S.C. § 1446(b), because this removal is filed within 30 days after the service of summons upon the Removing Defendants and the other Insurers, as the Complaint has been filed in court *via* the State Court Action.

15. Plaintiff served the Complaint on Removing Defendant Certain Underwriters at Lloyd's, London on or about May 8, 2024.

16. Plaintiff served the Complaint on Removing Defendant HDI Global Specialty SE on or about May 13, 2024.

17. Plaintiff served the Complaint on other Insurer Defendant Indian Harbor Insurance Company on or about May 8, 2024.

18. Plaintiff served the Complaint on other Insurer Defendant Steadfast Insurance Company on or about May 10, 2024.

19. Upon information and belief, Plaintiff served the Complaint on other Insurer Defendant United Specialty Insurance Company between May 8-10, 2024, but in no event earlier than May 8, 2024.

20. Upon information and belief, Plaintiff served the Complaint on other Insurer Defendant Lexington Insurance Company between May 8-10, 2024, but in no event earlier than May 8, 2024.

21. Plaintiff served the Complaint on other Insurer Defendant General Security Indemnity Company of Arizona on or about May 8, 2024.

22. Plaintiff served the Complaint on other Insurer Defendant QBE Specialty Insurance Company on or about May 8, 2024.

23. Plaintiff served the Complaint on other Insurer Defendant Old Republic Union Insurance Company on or about May 9, 2024.

24. Plaintiff served the Complaint on other Insurer Defendant Geo Vera Specialty Insurance Company on or about May 9, 2024.

25. Plaintiff served the Complaint on other Insurer Defendant Transverse Specialty Company on or about May 10, 2024.

## VII. PLAINTIFF HAS ALLEGED ALL THE DEFENDANTS ENGAGED IN INTERDEPENDENT AND CONCERTED MISCONDUCT

26. At all times, Plaintiff has pursued the full value of its claims, without differentiation between the Insurers. The Insurers have acted interdependently, and in concert, in the adjustment and evaluation of the Plaintiff's claims.

27. All Insurers collectively subscribed to the Account Policy, Policy Dates 08/01/2021-08/01/2022, for which AmRisc acted as a correspondent or cover holder (Exhibit C, at page 1). All Insurers acted collectively through Sedgwick Delegated Authority ("SDA"), their Claims Administrator which administered the claim under a single claim number (#xxxxx13) common to all Insurers. Any adjustment or lack thereof, as well as any payment or lack thereof, and all alleged wrongful acts (which are all denied) were made on behalf of all foreign and domestic insurers on the Account Policy, in concert.

## VIII. CONSENT TO REMOVAL

28. In addition to the Removing Defendants, other Insurer Defendants Indian Harbor Insurance Company, Steadfast Insurance Company, United Specialty Insurance Company, Lexington Insurance Company, General Security Indemnity Company of Arizona, QBE Specialty Insurance Company, Old Republic Union Insurance Company, Geo Vera Specialty Insurance Company, Transverse Specialty Company consent to removal of the State Court Action to this United States District Court for the District of Minnesota.

## IX.   NOTICE TO ALL PARTIES AND STATE COURT

29.   Removing Defendants will promptly give notice to all parties in writing and shall file a Notice of this Removal with the Clerk of the State Court Action.

Dated: May 28, 2024.

**LARSON • KING, LLP**

*/s/ Stephen P. Laitinen*
Stephen P. Laitinen (#0239446)
Samuel H.J. Schultz (#0402022)
30 East Seventh Street, Ste. 2800
Saint Paul, MN  55101-4922
(651) 312-6517 | Fax: (651) 312-6618
slaitinen@larsonking.com.
sschultz@larsonking.com.

*Attorneys for Removing Defendants, Certain Underwriters at Lloyd's London, severally subscribing to Certificate No. AMR-xxxxx-02 and HDI Global Specialty SE, under Account Policy: xxxx86 and Defendants Indian Harbor Insurance Company, Steadfast Insurance Company, United Specialty Insurance Company, Lexington Insurance Company, General Security Indemnity Company of Arizona, QBE Specialty Insurance Company, Old Republic Union Insurance Company, Geo Vera Specialty Insurance Company, Transverse Specialty Company*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading has been served upon counsel for plaintiff to this proceeding *via* e-mail and by depositing in the United States mail, properly addressed and first-class postage prepaid on this 28th day of May, 2024.

*/s/ Stephen P. Laitinen*