# Exhibit A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

---

Bro-Tex, Inc.,

        Plaintiff,

v.

Certain Underwriters at Lloyd's, London;
Indian Harbor Insurance Company; Steadfast
Insurance Company; United Specialty
Insurance Company; Lexington Insurance
Company; General Security Indemnity
Company of Arizona; QBE Specialty
Insurance Company; Old Republic Union
Insurance Company; Geo Vera Specialty
Insurance Company; Transverse Specialty
Company; and HDI Global Specialty SE,

        Defendants.

Case Type: Contract
Court File No.: _____
Judge _____

**SUMMONS**

---

THIS SUMMONS IS DIRECTED TO CERTAIN UNDERWRITERS AT LLOYD'S, LONDON 280 PARK AVENUE, EAST TOWER 25TH FLOOR, NEW YORK, NY 10017;

INDIAN HARBOR INSURANCE COMPANY AT 677 WASHINGTON BLVD. 10TH FLOOR, SUITE 1000, STAMFORD, CT 06901, AND C/O SARAH MIMS, GENERAL COUNSEL, 505 EAGLEVIEW BLVD., SUITE 100, EXTON, PA 19341-1120;

STEADFAST INSURANCE COMPANY AT 1299 ZURICH WAY, SCHAUMBURG, ILLINOIS 60196, ATTN: GENERAL COUNSEL, ATTN: LAW DEPARTMENT;

UNITED SPECIALTY INSURANCE COMPANY, 1900 L. DON DODSON DRIVE, BEDFORD, TX 76021, ATTN.: TERRY L. LEDBETTER;

LEXINGTON INSURANCE COMPANY, 99 HIGH STREET, 23RD FLOOR, BOSTON, MA 02110, ATTN.: DIVISION EXECUTIVE, COMMERCIAL PROPERTY, ATTN.: GENERAL COUNSEL, AND AIG PROPERTY CASUALTY U.S., 175
WATER STREET - 18TH FLOOR, NEW YORK, NY 10038, ATTN.: GENERAL COUNSEL;

GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, 28 LIBERTY STREET, SUITE 5400, NEW YORK, NY 10005, ATTN.: RODOLPHE HERVE, CEO, ATTN.: MAXINE VERNE, GENERAL LEGAL COUNSEL;

QBE SPECIALTY INSURANCE COMPANY, ONE QBE WAY, SUN PRAIRIE, WI 53596, AND C/O CT CORPORATION SYSTEM, INC., 1010 DALE STREET NORTH, SAINT PAUL, MN 55117;

OLD REPUBLIC UNION INSURANCE COMPANY, 307 NORTH MICHIGAN AVENUE, CHICAGO, IL 60601, AND OLD REPUBLIC SPECIALTY INSURANCE UNDERWRITERS, INC., AND C/O OFFICE OF GENERAL COUNSEL, 370 NORTH MICHIGAN AVENUE, CHICAGO, IL 6060;

GEO VERA SPECIALTY INSURANCE COMPANY, 4605 BUSINESS CENTER DRIVE, SUITE 300, FAIRFIELD, CA 94534-1675, AND GEOVERA HOLDINGS, INC., 1455 OLIVER ROAD, FAIRFIELD, CA 94534, ATTN: ROBERT HAGEDORN, GENERAL COUNSEL;

TRANSVERSE SPECIALTY COMPANY, 155 VILLAGE BOULEVARD, STE 205, PRINCETON, NJ 08540, ATTN: CORPORATE SECRETARY;

AND

HDI GLOBAL SPECIALTY SE, C/O MENDES & MOUNT, LLP, 750 SEVENTH AVENUE, NEW YORK, NEW YORK 10019.

1.    **YOU ARE BEING SUED**. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2.    **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS**. You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

> Greenstein Sellers PLLC
> 825 Nicollet Mall, Suite 1648
> Minneapolis, MN 55402

3.    **YOU MUST RESPOND TO EACH CLAIM**. The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS**. If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to

2

respond. A default judgment can then be entered against you for the relief requested in the Complaint.

5.     **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.     **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

<b>GREENSTEIN SELLERS PLLC</b>

Dated: May 7, 2024              By:    */s/Justice Ericson Lindell*

Justice Ericson Lindell (#312071)
Mihajlo Babovic (#397957)
825 Nicollet Mall, Suite 1648
Minneapolis, Minnesota 55402
justice@greensteinsellers.com
mihajlo@greensteinsellers.com
(763) 285-4684

*Attorneys for Plaintiffs*

4854-2173-2284, v. 1

3

STATE OF MINNESOTA

COUNTY OF RAMSEY

DISTRICT COURT

SECOND JUDICIAL DISTRICT

---

Bro-Tex, Inc.,

        Plaintiff,

v.

Certain Underwriters at Lloyd's, London;
Indian Harbor Insurance Company; Steadfast
Insurance Company; United Specialty
Insurance Company; Lexington Insurance
Company; General Security Indemnity
Company of Arizona; QBE Specialty
Insurance Company; Old Republic Union
Insurance Company; Geo Vera Specialty
Insurance Company; Transverse Specialty
Company; and HDI Global Specialty SE,

        Defendants.

Case Type: Contract
Court File No.: _____

**COMPLAINT**

---

Comes now Plaintiff Bro-Tex, Inc. (the "Plaintiff") and, as and for its Complaint against

Defendants Certain Underwriters at Lloyd's, London; Indian Harbor Insurance Company;

Steadfast Insurance Company; United Specialty Insurance Company; Lexington Insurance

Company; General Security Indemnity Company of Arizona; QBE Specialty Insurance Company;

Old Republic Union Insurance Company; Geo Vera Specialty Insurance Company; Transverse

Specialty Company; and HDI Global Specialty SEE (collectively, the "Insurers"), states and

alleges as follows:

## THE PARTIES

1.    Plaintiff is a Minnesota corporation with a registered address located at 800

Hampden Ave., St. Paul, MN 55114.

2.      Certain Underwriters at Lloyd's, London is an insurance company with a service address at Lloyd's America, Inc., Attention: Legal Department, 280 Park Avenue, East Tower, 25th Floor, New York, NY 10017.

3.      Indian Harbor Insurance Company is a Delaware insurance company with a registered address at 677 Washington Blvd. 10th Floor, Suite 1000, Stamford, CT 06901, and a service address c/o Sarah Mims, General Counsel, 505 Eagleview Blvd., Suite 100, Exton, PA 19341-1120.

4.      Steadfast Insurance Company is an Illinois insurance company with a registered address at, Steadfast Insurance Company, 1299 Zurich Way, Schaumburg, Illinois 60196, Attn: General Counsel, Law Department.

5.      United Specialty Insurance Company is a Delaware insurance company with a registered address at 1900 L. Don Dodson Drive, Bedford, TX 76021, Attn.: Terry L. Ledbetter.

6.      Lexington Insurance Company is a Delaware insurance company with a registered address at 99 High Street, 23rd Floor, Boston, MA 02110, Attn.: Division Executive, Commercial Property and Attn.: General Counsel and AIG Property Casualty U.S., 175 Water Street - 18th Floor, New York, NY 10038, Attn.: General Counsel.

7.      General Security Indemnity Company of Arizona is an Arizona insurance company with a service address at 28 Liberty Street, Suite 5400, New York, NY 10005, Attn.: Rodolphe Herve, CEO and Attn.: Maxine Verne, General Legal Counsel.

8.      QBE Specialty Insurance Company is a North Dakota insurance company with registered addresses at One Qbe Way, Sun Prairie, WI 53596 and c/o CT Corporation System, Inc., 1010 Dale Street North, Saint Paul, MN 55117.

2

9. Old Republic Union Insurance Company is an Illinois insurance company with a registered address at 307 North Michigan Avenue, Chicago, IL 60601 and a service address at Old Republic Specialty Insurance Underwriters, Inc., c/o Office of General Counsel, 370 North Michigan Avenue, Chicago, IL 60601.

10. Geo Vera Specialty Insurance Company is a California insurance company with a registered address at 4605 Business Center Drive, Suite 300, Fairfield, CA 94534-1675 and a service address at GeoVera Holdings, Inc., 1455 Oliver Road, Fairfield, CA 94534, Attn: Robert Hagedorn, General Counsel.

11. Transverse Specialty Company is a Delaware insurance company with a service address at 155 Village Boulevard, Ste 205, Princeton, NJ 08540, Attn: Corporate Secretary.

12. HDI Global Specialty SE is an insurance company with a service address c/o Mendes & Mount, LLP, 750 Seventh Avenue, New York, New York 10019.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to Minn. Stat. § 484.01.

14. This Court has personal jurisdiction over the defendants because the Insurers are licensed to do business in the State of Minnesota, this dispute arises out of the insurance policy provided by the Insurers to the Plaintiff in the State of Minnesota, and this dispute affects property located in the State of Minnesota.

15. Venue is proper in Ramsey County under Minn. Stat. § 542.09 because the events giving rise to the dispute in this case occurred in Ramsey County.

## FACTUAL BACKGROUND

16.     Plaintiff is a party to an insurance contracts (the "Policies") with the Insurers, pursuant to which the Insurers are the insurance carriers.

17.     The Policies cover, among other things, damage to Plaintiff's real property located at 800 and 800R Hampden Ave., St. Paul, MN 55114 (the "Property") that occurs while the Policies are in effect.

18.     The covered causes of loss under the Policy include loss caused by wind and hail.

19.     On or about May 11, 2022, the Property was damaged by hail (the "May Loss") during the period that the Policies were in effect.

20.     Plaintiff duly notified the Insurers of the May Loss in accordance with the Policies.

21.     The Insurers subsequently acknowledged receipt of Plaintiff's notice of the May Loss and assigned Claim No. XXXXX13 to the loss.

22.     The Insurers and Plaintiff have disputed the amount of Plaintiff's claim.

23.     The Insurers have disputed their obligation to appraise Plaintiff's claim.

24.     The Insurers have disputed their obligation to pay Plaintiff the full amount of the May Loss.

25.     Minnesota law including various sections of Minn. Stat. Ch. 65A mandates appraisal to resolve disputes over the cause, scope and value of damages of the May Loss

26.     Despite demand, the Insurers have failed to appropriately adjust the damages resulting from the May Loss, have failed to approve and pay the amounts due and owing to Plaintiff pursuant to the Policies, and have failed to timely respond to Plaintiff's correspondence and inquiries regarding the pending claims.

## COUNT I
### (Breach of Contract)

27.     Plaintiff incorporates and adopts by reference the preceding paragraphs.

28.     The Insurers issued the Policies to Plaintiff.

29.     Plaintiff has complied with the Policies and fulfilled its obligations under the Policies in all respects.

30.     The Insurers breached the Policies through their above-described actions.

31.     As a direct, proximate, and foreseeable result of said breach of contract, Plaintiff has been damaged in an amount in excess of $50,000.00, in an exact amount to be proven at trial, plus interest, costs, and disbursements.

## COUNT II
### (Declaratory Judgment)

32.     Plaintiff incorporates and adopts by reference the preceding paragraphs.

33.     Pursuant to Minnesota Statutes Section 555.02, any person whose rights, status, or other legal relations are affected by a statute or contract may have determined any question of construction or validity arising under the statute or contract and obtain a declaration of rights, status, or other legal relations thereunder.

34.     A justiciable controversy and dispute exist between Plaintiff and the Insurers regarding the Insurers' obligations to Plaintiff pursuant to the Policies and Minnesota law.

35.     Plaintiff's and the Insurers' interests are adverse.

36.     Determination of the Insurers' obligations to Plaintiff pursuant to the Policies is capable of specific resolution and does not present hypothetical facts that would give rise to an advisory opinion.

37.     Accordingly, Plaintiff is entitled to judgment declaring that, pursuant to the terms of the Policies and Minnesota law, the Insurers are required to appraise the May Loss and pay repair and replacement costs including the costs of the necessary repairs to the Property. Plaintiff is further entitled to judgment declaring that the Insurers are required to pay full replacement cost value including depreciation and to pay pre-award interest on any appraisal award.

## COUNT III
### (Order for Appraisal)

38.     Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

39.     A dispute exists between the Plaintiff and the Insurers as to the value of and the amount caused by the May Loss.

40.     The Policies' language is required to conform with the minimum mandatory requirements of various sections of Minn. Stat. Ch. 65A, including but not limited to the Appraisal requirements of Minn. Stat. §65A.01 and §65A.26.

41.     Minnesota law requires Plaintiff and the Insurers to resolve disagreements over the extent and value of the loss and damage caused by the May Loss through the Appraisal process for a binding and final resolution of the same.

42.     Should Plaintiff prevail at Appraisal, Plaintiff is owed pre- and post-award interest on the Appraisal award issued by the Appraisal panel in accordance with Minn. Stat. §549.09 and otherwise under Minnesota law.

43.     Plaintiff is entitled to an Order from this Court directing the Insurers to proceed expediently with the Appraisal process for the resolution of the scope and valuation dispute for the loss and damage to the Property caused by the May Loss.

## COUNT IV
### (Reformation)

44.     Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

45.     Under Minnesota Law, a policy of insurance is automatically reformed to conform with mandatory consumer protection provisions passed by the Minnesota legislature including Minn. Stat. §65A.01 and §65A.26.

46.     Minn. Stat. §65A.01 and §65A.26 mandate that an Appraisal clause be included in insurance policies like the Policies at issue.

47.     The Policies fail to comply with Minn. Stat. §65A.01 and §65A.26.

48.     Because the Policies do not comply with the minimum standards set forth in Minn. Stat. §65A.01 and §65A.26 and because their failure to do so leads to less protections for Plaintiff, the Policies must be automatically reformed to be compliant with Minnesota law.

49.     The Insurers have refused to proceed with Appraisal and deny that the Policies are required to conform to Minn. Stat. §65A.01 and §65A.26.

50.     As a result of the Insurers' refusal, Plaintiff has been stripped of its consumer protections afforded by Minnesota law and its right to an expedient, efficient, and cost effective binding resolution on the damages dispute by way of Appraisal and, thus, has been damaged in an amount in excess of $50,000, plus interest, costs and disbursements, and reasonable attorney fees to the fullest extent available by law or equity, the exact amount to be proven at Appraisal, or at trial if trial is warranted for any issues falling outside the scope of Appraisal.

51.     The Policies should be reformed to comply with the mandatory coverage requirements of Minn. Stat. §65A.01 and/or §65A.26.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against the Insurers as follows:

1.    As to Count I, entering judgment for Plaintiff and against the Insurers for the damages incurred due to their breaches of contract;

2.    As to Count II, entering judgment for Plaintiff and against the Insurers declaring that the Insurers are required to appraise the May Loss and pay repair and replacement costs including the costs of the necessary repairs to the Property, and that the Insurers are required to pay full replacement cost value including depreciation and to pay pre-award interest on any appraisal award;

3.    As to Count III, ordering the Parties to proceed with Appraisal;

4.    As to Count IV, ordering that the Policies are reformed to comply with the Appraisal requirements of Minn. Stat. Ch. 65A;

5.    Awarding to Plaintiff pre- and post-judgment interest plus the costs and disbursements incurred herein; and

6.    For such other and further relief as the Court deems just and equitable.

**GREENSTEIN SELLERS PLLC**

Dated: May 7, 2024        By:    /s/ *Justice Ericson Lindell*
Justice Ericson Lindell (#312071)
Jamie A. Sonsteby (#0338990)
825 Nicollet Mall, Suite 1648
Minneapolis, Minnesota 55402
justice@greensteinsellers.com
JSonsteby@greensteinsellers.com
(763) 285-4703

*Attorneys for Plaintiff*

8

## ACKNOWLEDGEMENT

The undersigned hereby acknowledges that pursuant to Stat. Stat. § 549.211, subd. 3, sanctions may be imposed upon the attorneys, law firms, or parties if the court should find that the undersigned violated Stat. Stat. § 549.211, subd. 2.

Dated:  May 7, 2024                    By:     /s/ Justice Ericson Lindell
                                               Justice Ericson Lindell (#312071)

4864-9416-3388, v. 1

9